IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SANTANA REESE, | * | |
| | * | |
|    Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO: 17-353 |
| | * | |
| DAVID NICHOLS d/b/a | * | |
| NICHOLS CONTRACTING, LLC, | * | |
| and BELFOR USA GROUP | * | |
| ` | * | |
|    Defendants. | * | |

**COMPLAINT**

### I.    JURISDICTION AND VENUE

1)    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367(a), 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, and providing for injunctive and other relief against a sexually hostile work environment and retaliation for reporting and opposing same.

2)    The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. He timely filed his charge of sex discrimination and retaliation within 180 days of the last discriminatory act. The Plaintiff timely files this suit within 90 days of receipt of his right-to-sue letters from the Equal Employment Opportunity Commission (EEOC).

3) Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3) because Defendant Nichols Construction, LLC is headquartered in this district and, upon information and belief, maintains and administers its relevant employment records in this District and the Plaintiff would have continued to work for Nichols Construction, LLC in this District but for the unlawful conduct.

4) The Plaintiff requests a trial by jury on all issues pursuant to 41 U.S.C. § 1981a.

## II.   PARTIES

5) Plaintiff Santana Reese is a citizen of the United States, is over the age of nineteen, and is a resident of the Southern District of Alabama. The Plaintiff was employed by Defendant Nichols Contracting, LLC from June 2014 to June 11, 2015, and by Belfor USA from May 2015, to June 11, 2015, when he was terminated for reporting sexual harassment.

6) Defendant, David Nichols d/b/a Nichols Contracting, LLC, (hereinafter "Nichols") is a domestic corporation headquartered in Mobile, Alabama and owned and operated by David Nichols. It is an entity subject to suit under Title VII, having employed at least fifteen (15) persons at all times relevant to this Complaint. It works in the construction business and contracted with Defendant Belfor USA on the construction project at issue in this Complaint.

7) Defendant, Belfor, USA Group (hereinafter "Belfor") is a foreign corporation headquartered in Birmingham, Michigan and conducts business throughout the United States, including in this District. It employs at least fifteen (15) persons. It engages in the business of property restoration and contracted with Defendant Nichols to perform such services at times relevant to this Complaint.

### III.  STATEMENT OF FACTS

8) Mr. Reese worked for Defendant Nichols from approximately June 2014 to June 11, 2015, and by Belfor USA from May 2015, to June 11, 2015, when he was terminated for reporting sexual harassment.

9) In early June 2015, Mr. Reese was working for Nichols on a job in Austin, Texas. On this particular job, Nichols had been contracted by Defendant Belfor USA to perform construction work on an Austin, Texas apartment complex. Mr. Reese was a construction worker.

10) Mr. Reese was working under the supervision of Belfor employees, including a supervisor named Tanner Christiansen. The Belfor supervisors directed his and other Nichols' employees' daily work; there were no Nichols supervisors regularly on site.

11) On approximately June 9, 2015, Mr. Reese was lying on the floor working on a baseboard. When he sat up, his Belfor supervisor, Tanner Christiansen, was standing beside him with his exposed, naked penis right in his face. It was less than two inches from his mouth.

12) Mr. Reese told Christiansen to get away from him, that he was not interested in him, and that he [Mr. Reese] was married.

13) Reese reported the incident to David Nichols that same day, who in turn reported it to Christiansen's Belfor supervisor, Lance (LNU). Lance and Christiansen acknowledged the incident had occurred and assured Mr. Reese they would fix things.

14) On approximately June 11, 2015, Belfor Manager Matt McCarty, David Nichols' Belfor Supervisor, summoned David Nichols and Mr. Reese to his office. After discussing the incident, during which conversation Mr. Reese again complained of the sexually harassing behavior, Mr. McCarty made a phone call and then offered Mr. Reese $2,000 "and then [he] could

go back to work." When Mr. Reese declined the monetary offer, McCarty stated that he would call the HR Department and would get back to Nichols and Reese.

15) McCarty called Nichols back about an hour and a half later, and, while on speakerphone with Reese and Nichols, terminated Mr. Reese. McCarty instructed Reese to leave the job site and get his belongings out of his hotel room immediately.

16) Reese subsequently inquired, on at least two occasions, about going back to work with Nichols. Nichols refused to employ Reese on any jobs. On the first occasion, David Nichols informed Reese that he had no work for him. On the second, which occurred after Mr. Reese filed his EEOC Charge, Nichols indicated he would not employ him because Reese was trying to sue him.

17) Upon information and belief, in 2015 and 2016, between 87% and 98% of Nichols Contracting, LLC's revenue was from Belfor USA Group, Inc.

18) At the time Mr. Reese was working on the construction project in Austin, Texas, Belfor and Nichols were his joint employer.

19) Belfor directed, instructed, and supervised Mr. Reese's work, provided the tools used by him and his co-workers, received and investigated his complaint of sexual harassment, offered him a cash payment to settle his claims, and terminated his employment. Nichols implemented this decision by seeing Mr. Reese off the project and refusing to employ him on any other projects.

20) Belfor supervisors oversaw all of the work of Nichols' employees, including Reese, on the Austin, Texas job site. Nichols' workers were not allowed to work unless a Belfor supervisor was overseeing them.

21) As a result of Defendants' unlawful acts, Plaintiff has suffered extreme harm.

## IV.  STATEMENT OF CLAIMS

### COUNT ONE

*Title VII Discrimination (Belfor) and Retaliation (Belfor and Nichols)*

22) Plaintiff realleges each and every allegation set forth in the paragraphs above with the same force and effect as though fully set forth hereinbelow.

23) Defendant Belfor willfully and maliciously subjected the Plaintiff to a hostile work environment based on his sex, thereby discriminating against him on the basis of sex with respect to the terms, conditions, and privileges of his employment.

24) The creation of a sexually hostile work environment for Plaintiff by his supervisor was unwelcome and was sufficiently severe and/or pervasive to adversely affect the terms and conditions of his employment.

25) Defendant Belfor knew or should have known of the hostile work environment to which Plaintiff was subjected and did not take effective preventative action or prompt effective remedial action.

26) Defendant Belfor is liable for the acts of its supervisor and agent, Christiansen, who subjected Plaintiff to a sexually hostile work environment.

27) The Plaintiff made good faith and reasonable complaints of the sexually hostile working environment to the Defendants Nichols, Belfor, and the EEOC.

28) The Defendants retaliated against the Plaintiff for protesting and complaining about his sexually hostile work environment in the terms, conditions and benefits of his employment, by terminating his employment and refusing to rehire him.

29) The creation of the sexually hostile work environment and other retaliation was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

30) Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

31) Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## V.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court to grant the following relief:

1. Accept jurisdiction of this case and allow an appropriate period of discovery;

2. Enter an order and judgment including the following:

(a) A declaratory judgment that Defendants' employment practices complained of hereinabove are unlawful and have violated and continue to violate the Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*;

(b) Granting Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys, other representatives, and all those acting in connection with the Defendants and at the Defendants' instruction, from continuing to violate Title VII of the Civil Rights Act of 1964, as amended;

(c) Subsequently entering an appropriate judgment, including, without limitation, the following elements of relief which will require the Defendants to make the Plaintiff whole by granting appropriate declaratory relief; reinstatement into the position he would have occupied but for the unlawful acts of discrimination and retaliation and/or front pay; back pay; interest on back pay; payment or provision of fringe benefits; compensatory damages; offers of promotion; punitive damages; and an award of costs, attorneys' fees, and expenses;

(d) Such other relief and benefits as the cause of justice may require.

**PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.**

Respectfully submitted this 4th day of August, 2017,

*/s/ Abby M. Richardson*
ABBY M. RICHARDSON (RICHA3209)
*Attorney for PLAINTIFF*

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 N. Royal Street, Suite 100
Mobile, Alabama  36602
Telephone:     (251) 338-1695
Facsimile:      (251) 338-1698
Email:           *abby@richardsonlawllc.com*