# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SANTANA REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-0353-WS-B |
| ) | |
| DAVID NICHOLS d/b/a NICHOLS ) | |
| CONTRACTING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court on the Motion to Set Aside Entry of Default (doc. 26) and Amended Motion to Set Aside Entry of Default (doc. 27) filed by defendant David Nichols d/b/a Nichols Contracting, LLC ("Nichols").

**I.      Background.**

On August 4, 2017, plaintiff, Santana Reese, filed a Complaint (doc. 1) against Nichols and Belfor USA Group, alleging claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. With respect to defendant Nichols, the Complaint alleges, in part, as follows: (i) Reese was jointly employed by Belfor and Nichols on a construction project in Austin, Texas; (ii) after Reese complained that Belfor had subjected him to a sexually hostile work environment, Belfor terminated his employment; and (iii) "Nichols implemented this decision by seeing Mr. Reese off the project and refusing to employ him on any other projects." (Doc. 1, ¶ 19.) For its part, defendant Belfor filed an Answer and Crossclaim (doc. 16), asserting a claim against Nichols for contractual indemnity of any liability and defense costs in accordance with the terms of the Master Subcontract Agreement between Belfor and Nichols.

On November 27, 2017, Reese filed an Application for Entry of Default (doc. 18) against Nichols. In that filing, Reese documented his efforts to serve process on Nichols. Initially, Reese mailed the Summons and Complaint via U.S. Certified Mail to Nichols' registered agent's address as recited on the Alabama Secretary of State website. Nichols' registered agent is Judy

Nichols, for whom the Secretary of State listed an address on Longmeadow Road in Mobile, Alabama. The Certified Mail envelope was delivered on August 24, 2017 and signed for by a person identified only as "Landon." (Doc. 5.) Recognizing the potential insufficiency of this service attempt, Reese also retained a process server who made multiple attempts in August and September 2017 to achieve personal service on Judy Nichols at the Longmeadow Road address. (Godwin Aff. (doc. 18, Exh. 2), ¶¶ 2-3.) On September 13, 2017, the process server hand-delivered the Summons and Complaint to an unidentified adult female who answered the door at the Longmeadow Road address. (*Id.*, ¶ 4.) The following day, Brenda Johnson, who identified herself as the recipient of the papers and the tenant residing at that property, contacted plaintiff's counsel's office to explain these facts and confirm that she did not know the whereabouts of Judy Nichols. (*Id.*, ¶ 6.) No further service attempts were made.

More than two months later, Nichols had not appeared or defended against Reese's claims. Armed with somewhat shaky facts concerning service of process, as described above, Reese filed an Application for Entry of Default (doc. 18) against Nichols on November 27, 2017. The following day, a Clerk's Entry of Default (doc. 19) was entered against Nichols pursuant to Rule 55(a), Fed.R.Civ.P. The Clerk of Court mailed a copy of that Entry of Default to Nichols at the service address; however, that mailing was returned as undeliverable. (Doc. 22.)

On December 14, 2017, Nichols, by and through counsel, filed a Motion to Set Aside Entry of Default (doc. 26), which he supplemented via an Amended Motion to Set Aside Entry of Default (doc. 27) shortly thereafter. As grounds for the Motion, Nichols relies on the following facts: (i) Judy Nichols has not lived at the Longmeadow Road address since May 2017; (ii) Judy Nichols presently resides at an address on Rosebud Drive, which was known to Reese but at which Reese never attempted to perfect service; (iii) the "Landon" who signed the certified mail receipt on August 24, 2017 is the 12-year old son of the current resident at the Longmeadow Road address; (iv) Nichols has never been served with process in this action; (v) Nichols consulted with counsel promptly upon learning that a lawsuit had been filed against him; and (vi) Nichols first became aware of the Clerk's Entry of Default against him on December 13, 2017, just one day before filing the Motion to Set Aside Default. (Doc. 27-1.)

**II.     Analysis.**

As a general proposition, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d

1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) ("Because of our strong policy of determining cases on their merits, … default judgments are generally disfavored.") (citation and internal quotation marks omitted). The Federal Rules of Civil Procedure provide that a court "may set aside an entry of default for good cause." Rule 55(c), Fed.R.Civ.P. The Eleventh Circuit has explained that, in this context, "'good cause' is not susceptible to a precise formula …. [C]ourts generally consider whether the default was culpable or willful, whether setting it aside would prejudice the non-moving party, and whether the defaulting party may have a meritorious defense. … [W]here a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist." *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citations omitted); *see also Parker v. U.S. Bank Nat'l Ass'n*, 580 Fed.Appx. 776, 777 (11th Cir. Sept. 18, 2014) ("Also relevant to whether good cause exists is whether the defaulting party promptly corrected the default.").

Based on the facts and circumstances presented, the Court readily determines that Nichols has met his burden of showing good cause to set aside his default. From the outset, it does not appear that he was ever properly served with process. Reese's mailing and personal service attempts never reached Nichols' registered agent for service of process; furthermore, Reese failed to attempt service at the Rosebud Drive address where that registered agent now resides, even though such address was known to Reese.[1] Because he had never been served with process, Nichols' default was neither culpable nor willful. There is no indication in the record that Reese would be prejudiced in the slightest if the default were set aside at this time. Moreover, Nichols acted promptly to set aside the default, inasmuch as he filed his Rule 55(c) Motion the very next day after being apprised by the Clerk of Court of his defaulted status. Finally, Nichols' defense on the merits (*i.e.*, that Nichols had no say in Belfor's decision to terminate Reese's employment and to refuse to hire him for other jobs) is sufficiently meritorious on its face that it at least deserves encouragement to be tested through the discovery process.

---

[1] In fairness to plaintiff, Nichols unnecessarily complicated Reese's service efforts by not updating Alabama Secretary of State records to reflect that Nichols' registered agent had moved from Longmeadow Road to Rosebud Drive in May 2017. Thus, both sides share culpability for the lack of completed service of process on Nichols.

**III.    Conclusion.**

For all of the foregoing reasons, as well as the federal courts' strong policy of resolving disputes on the merits, the Court finds that the requisite "good cause" exists under Rule 55(c) to set aside the default.  Accordingly, defendant David Nichols d/b/a Nichols Contracting, LLC's Motion to Set Aside Entry of Default (doc. 26) and Amended Motion to Set Aside Entry of Default (doc. 27) are **granted**.  The Clerk's Entry of Default (doc. 19) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P.  The parties are **ordered** to work together in good faith to resolve any outstanding issues concerning service of process as to defendant Nichols so that this action may move forward without further service-related delays or motion practice.  Defendant Nichols' answer or other responsive pleading must be filed within 21 days after such service issues have been resolved.

DONE and ORDERED this 28th day of December, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE